UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PAUL MALLON

                                        Plaintiff,

         v.

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.
_____

DECISION & ORDER

18-CV-0712MWP

## **PRELIMINARY STATEMENT**

        Plaintiff Paul Mallon ("Mallon") brings this action pursuant to Section 205(g) of the Social Security Act , 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for Supplemental Security Income Benefits ("SSI").  Pursuant to the Standing Order of the United States District Court for the Western District of New York regarding Social Security cases dated June 1, 2018, this case has been assigned to, and the parties have consented to the disposition of this case by, the undersigned.  (Docket # 19).

        Currently before the Court are the parties' motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  (Docket ## 11, 17).  For the reasons set forth below, this Court finds that the decision of the Commissioner is supported by substantial evidence in the record and is in accordance with applicable legal standards.  Accordingly, the Commissioner's motion for judgment on the pleadings is granted, and Mallon's motion for judgment on the pleadings is denied.

# **DISCUSSION**

Mallon commenced this federal lawsuit seeking judicial review of the Commissioner's decision on the grounds that the ALJ improperly denied his request for a consultative evaluation and thereby ignored his duty to develop the record and rendered an RFC that was unsupported by any medical opinion in the record. (Docket # 11-1 at 10-14). Despite devoting the majority of his brief to a recitation of the material facts from the administrative transcript and to his argument that the ALJ improperly refused his request for a consultative examination, Mallon does not acknowledge that consultative examinations had been twice ordered for him and that he failed to attend those examinations. (Docket # 11-1). Counsel's omission represents an inexcusable oversight, at best.

The law firm of Kenneth Hiller, PLLC, with which Mallon's current attorney is associated, has represented Mallon from the date of his initial application for benefits through his current appeal. (Tr. 82, 84, 111, 167). Thus, counsel either knew or should have known that Mallon had been scheduled for both internal and psychological examinations prior to the original administrative denial, failed to attend those examinations, and failed to attend the subsequently rescheduled evaluations. (Tr. 76). Indeed, the State Agency explanation for the denial noted the absence of sufficient evidence to evaluate Mallon's claim for disability based upon his unexplained failure to cooperate. (Tr. 73-79, 85-89, 91-95). Further, in his decision, the ALJ explained that his denial of Mallon's request for an examination was based upon Mallon's "fail[ure] to report for multiple scheduled examinations." (Tr. 13). That decision is, of course, the very decision which Mallon seeks to persuade this Court to vacate.

Despite the fact that the Commissioner's responsive briefing pointed out and relied upon Mallon's counsel's failure to acknowledge or explain the missed evaluations (Docket

# 17-1), Mallon's reply brief again ignored this critical record evidence.[1] Mallon's silence can only be interpreted as support for the ALJ's conclusion that Mallon has no explanation for his failure to attend the previously scheduled examinations. Having failed without excuse or explanation[2] to attend the consultative examinations, Mallon "cannot now prevail based upon a challenge to the adequacy of th[e] record." *Kratochvil v. Comm'r of Soc. Sec.*, 2009 WL 1405226 at *4, 5 ("[a] claimant may waive a disability claim by failing to appear for examinations designed to evaluate the claim"); *see*, *e.g.*, *Ziemoore v. Berryhill*, 2017 WL 5157467, *12 (S.D.N.Y.) ("[w]here claimants have refused to acknowledge, attend, or cooperate at scheduled consultative examinations or have failed to argue that they had good reasons for not attending such examinations, courts have rejected claims that the ALJ failed to develop the record[;] . . . because [plaintiff] had no viable excuse for her absence, any claim that [the ALJ] failed to develop the record is meritless"), *report and recommendation adopted by*, 2017 WL 6000608 (S.D.N.Y. 2017); *Lay v. Colvin*, 2016 WL 3355436, *5 (W.D.N.Y. 2016) ("in light of the explicit warning to [p]laintiff's attorney and the complete lack of proposed explanations for [p]laintiff's two absences, there is no cause for remand on this ground"); *Stephens v. Astrue*, 2009 WL 1813258, *8 (N.D.N.Y. 2009) ("[p]laintiff fails to acknowledge that an examination was arranged and fails to argue that she had a good reason for her failure or refusal to attend[;]

---

[1] Whether Mallon's submission is properly characterized as a reply brief is unclear. It states simply, "Upon review of [the Commissioner's] responsive brief, [Mallon] deems no reply necessary and relies on the original arguments and authority contained in his primary brief." (Docket # 18).

[2] During the administrative hearing, Mallon testified that he never received any letters directing him to attend an examination and that he relocated several times after applying for benefits. (Tr. 42, 53). Notably, Mallon has not proffered lack of notice as an explanation in his submissions on this appeal; as stated above, his submissions do not even acknowledge his scheduled examinations. In any event, nothing in the record suggests that Mallon did not receive notice of the examinations. *Kratochvil v. Comm'r of Soc. Sec.*, 2009 WL 1405226, *5 (N.D.N.Y. 2009) ("[p]laintiff's proffered 'good reasons' for failing to attend either of the two examinations are unsupported by any evidence and contradicted by the record, which indicates that she simply failed to appear"). Indeed, the record suggests that Mallon did not relocate during the time period between his original application for benefits and the initial denial – the period of time when the examinations were to have been conducted. (Tr. 73, 80, 85, 174, 197, 248, 353 (identifying the same address for Mallon)).

[a]ccordingly, [p]laintiff's claim that the ALJ failed to develop the record in light of the lack of consultative orthopedic examination reports is unavailing").

It bears emphasizing that the manner in which Mallon's counsel has litigated this appeal – first, by failing to acknowledge in the opening brief that Mallon repeatedly failed to attend scheduled consultative examinations, while at the same time challenging the ALJ's decision not to order such examinations, and then by failing to respond in the reply submission to the Commissioner's reliance on such evidence – raises substantial concern. While counsel has a professional responsibility to ensure that any filing is supported by at least a colorable basis, the need to exercise due care in making such evaluation is especially heightened in the context of social security appeals. As counsel well knows, there exists an unprecedented volume of social security appeals pending in the Western District of New York. Judicial resources can ill afford to be wasted on appeals that ignore salient, potentially dispositive, record evidence.[3]

I have considered Mallon's remaining contentions and find them to be without merit. Any error by the ALJ in finding Mallon's mental impairments non-severe at step two was harmless because the ALJ proceeded through the sequential evaluation and explicitly considered Mallon's mental health impairments during the subsequent analysis. *London v. Comm'r of Soc. Sec.*, 339 F. Supp. 3d 96, 106-07 (W.D.N.Y. 2018). In any event, substantial evidence in the record supports the ALJ's conclusions that Mallon's mental impairments did "not cause more than minimal limitation in [his] ability to perform basic mental work activities." (Tr. 16). Indeed, the record demonstrates that Mallon responded well to medication management and his mental health was routinely assessed to be stable once he began mental health treatment. (Tr. 295, 299, 324-38, 380-88). I likewise find that any error at step three was harmless; Mallon

---

[3] The Commissioner has not requested sanctions, and the Court will not impose them *sua sponte*. Counsel is cautioned, however, that this Court will not hesitate to consider sanctions for similar conduct in the future.

has not identified record evidence demonstrating that he meets all elements of Listing 1.04, and indeed the record does not contain such evidence. *See Kretovic v. Colvin*, 2015 WL 1297875, *23 (W.D.N.Y. 2015) ("[a]lthough the ALJ's evaluation of the Listing could have been more thorough, the evidence nonetheless establishes that [plaintiff's] impairment does not meet the Listing, and remand is not required"). At most, the record establishes that Mallon suffered from disc protrusions that compressed his nerve root, resulting in pain and decreased range of motion, but nothing in the record – including the record evidence identified by Mallon (Docket # 11-1) – establishes that he suffered from motor loss accompanied by sensory or reflex loss. *See* 20 C.F.R. Part 404, Subpt. P, App. 1.

## **CONCLUSION**

This Court finds that the Commissioner's denial of SSI was based on substantial evidence and was not erroneous as a matter of law. Accordingly, the ALJ's decision is affirmed. For the reasons stated above, the Commissioner's motion for judgment on the pleadings **(Docket # 17)** is **GRANTED**. Mallon's motion for judgment on the pleadings **(Docket # 11)** is **DENIED**, and Mallon's complaint (Docket # 1) is dismissed with prejudice.

**IT IS SO ORDERED.**

        *s/Marian W. Payson*
        MARIAN W. PAYSON
        United States Magistrate Judge

Dated: Rochester, New York
       January 17, 2020